We'll move now to Appeal 25-1685, Gary Betts et al. v. Boone County, Illinois et al. And we'll begin with oral argument on behalf of the appellant, Mr. Cohn, from you. Thank you, Your Honor. I am Jay Cohn, and along with Jim Kelly, we represent Gary and Earl Betts. Gary Betts is in the courtroom today. We're here because Louise Betts was murdered. And after the coroner's inquest was completed, the Boone County coroner kept Louise Betts' skull. We don't know why he kept the skull, and we'll never know why he kept the skull. Because when it was discovered that he kept the skull, he was deceased. We do know that Gary and Earl's property right to properly dispose of Louise's remains was taken without notice or a hearing. The question is, can Boone County be held liable for that constitutional violation? I don't think we need to address whether the coroner was the coroner in the office of the coroner, whether he was a final policymaker. The district court assumed in its decision that he was a final policymaker. The district court based its decision on that he was not implementing policy, he was actually thwarting policy. The district court found that there was a policy that the coroner had a duty to the citizens of Boone County to properly dispose, to properly deal with the remains who were subject to a coroner's inquest, and that the Illinois statute, the county statute, which includes the duties of the coroner, placed the responsibility on the coroner for operating his office, and also placed a duty to operate that in the best interests of the citizens of Boone County. Was it also the case counsel in the Pembauer against Cincinnati case that the prosecutor there, the elected prosecutor, had a duty to comply with the Fourth Amendment? Absolutely, Your Honor. And that prosecutor was a policymaker, even though he was acting contrary to law? Absolutely. So I guess I want to get it out on the table for discussion, whether there's in essence a Monroe versus Pape sort of issue here, because the district court's reasoning seems to suggest that if what the coroner did was contrary to state law and policy, then it's not actionable, at least under Monell, right? That's correct. And Monroe against Pape, regardless of what it said later overruled in Monell about municipal liability, tells us, opening up modern Section 1983 jurisprudence, that even if your state actor is violating state law, you still have an action under the Constitution in Section 1983, correct? Yes. Okay, thank you. Mr. Cohen, no municipality would impliedly empower a coroner to make the decision to keep a body part, correct? That's correct, Your Honor. So when we're talking about this tension between a policy and then a violation of a state law, our case law speaks to it in a variety of cases, correct? That's correct, Your Honor. And some of those are Rice, Vodak, even Bradley. Brayton talks about it, the first Bradley case. Is it your position that we should create an exception then from Rice, Vodak, these other cases for this particular set of circumstances? It is not. I think what we're arguing is consistent, particularly with Vodak, that the fact that policy, and this policy is not articulated in any ordinance or statute, that the municipality can still be held liable despite the fact that that policy may be violated. And there's a Pembauer and Propotnick both suggest that even if state law is violated, the municipality can be held liable. The decisions hinge on is this a policymaker making that decision? And as a district court assumed without deciding, the coroner's office is the final policymaker. There's no one above the coroner. He wasn't accountable to anybody, right? He's an independently elected official. That's correct. He's independently elected. He's accountable to no one. The state statute says that the coroner is responsible for the operation of his office. There's no review above him. When is this not respondeat superior, then? Because he is the coroner of the coroner's office. He is the one who did the action. It's not like, let me try to make an analogy with employment discrimination cases. If you're looking at a hostile work environment, for the company to be held liable, they have to know about the conduct so that there's not that pure respondeat superior, unless it's a management official who is committing the conduct. Then there's no need for the company to know about the conduct. They can be held liable. Here, it's the municipality in the form of the coroner who is committing the conduct. There is no one. Is there any limit to that, though? Suppose, for example, that it's Coroner Highland, right? That's correct. That we're talking about. Suppose Coroner Highland, empowered as Judge Hamilton just described, engaged in some kind of conduct that was just blatantly contrary to state law, embodied in a state statute intentionally or something like that, did it. Then what? I think then we're closer to Uriema, where there's a specific statute that says, don't do this, and I understand that where you have a very specific statute that says, you may not do this. How about shall release the body, the decedent to the decedent's next of kin? Is that clear enough? Don't believe. We suggest that it is not, Your Honor. That is not clear enough. If you look at it, there's language in Proportnik which says that a precatory language in a state statute or ordinance that says you may not discriminate on the basis of race or politics in making an employment decision, the Proportnik language says that that is not sufficient to absolve a municipality of liability if that's violated. I think we have the same problem. If it's violated by whom? By the decision maker, by the final decision maker. By the final decision maker, and I had understood that to be the critical point here as distinct from several of the cases that involve officials who are not directly accountable to the voters. You're talking here about imposing liability on the taxpayers of the county, correct? That's correct, Your Honor. It was a long time ago, but it was the voters of that county who elected Mr. Highland and who are accountable in essence for federal constitutional violations he commits, whether it complies with state law or not. That is correct. If it was an employee of a coroner's office, we probably would not be here today, but it is the coroner, and there are cases that are too numerous to mention that there is no liability. There's somebody above the individual who committed the action who makes the decisions, whether it's an appeals board of a county, county commissioners. There is no level above the coroner. He makes the decision. Good or bad, he makes that decision. Would you like to reserve the remainder of your time? Yes, Your Honor. Thank you. Thank you, Mr. Cohn. We'll now move to argument on behalf of the applee, Mr. Drinkwine. May it please the Court, Chris Drinkwine on behalf of the Boone County Coroner and the County of Boone. To state a Monell claim, to state their Monell claim, plaintiffs are required to plead that they were injured by a person with final policymaking authority with respect to the actions taken. Plaintiffs have not done so because they have affirmatively pled that former Coroner Highland had a duty to follow statewide government policy. In paragraph 18 of the third amended complaint, plaintiffs expressly allege that the Boone County Coroner's office had a duty by statute to provide Louise Betts complete remains to her next of kin. That statute was section 33021 of the Illinois Coroner's Act, which provides that as soon as may be consistent with the performance of his duties under this act, the coroner shall release the body of the decedent to the decedent's next of kin. Plaintiffs have not alleged that Highland had final policymaking authority concerning the coroner's obligation to release the body to the next of kin. Would you agree that he had final policymaking authority as to whether the county would comply with state law? He's the only decision maker. Right, exactly. He's not accountable to anybody else other than the voters. Right, but that doesn't mean that he... So let's take a hypothetical. Let's take a small county where the sheriff, the elected sheriff is out on duty on patrol and unjustifiably shoots and kills a suspect. That's contrary to state law. Amounts to homicide under the circumstances. Does Monell liability apply in those circumstances? Yes, because he has authority to be doing what he's doing. He's enforcing the law. And he has authority. He basically has the power under law to violate state law. And he's the final decision maker for his department. Right, but he's also violating a state statute, a homicide statute, right? Right. So what's different about this? The distinction is, Your Honor, that former coroner Highland did not have the authority under state law to retain a part of the body when his coroner's duty... The sheriff doesn't have authority under state law to murder somebody. But it's the act that the policymaker is engaged in that drives the decision of whether he's a policymaker for the purposes of the decision that's being made. The policymaker, the act is what we look to state law to under Procter & Nick to decide whether or not what he's doing he has authority to do. And he can't make final policy with respect to anything if he doesn't have authority to do the thing he's doing. Did the prosecutor in Pembauer have the authority to violate the Fourth Amendment? Well, no, because the Constitution prohibits that. But he does have the authority to do the law enforcement function that he's doing. He has powers that enable him to violate the federal Constitution if he chooses to do so, correct? Right. And why is that not also true for Mr. Highland? He had the power to fail to comply with his duties under state law, resulting in a constitutional deprivation of the Betts family. Because he doesn't have the power to do what he did, Your Honor. He has to return the complete body of the decedent to the next of kin when he's done with his coroner's duties. He didn't do that. He can't be making policy contrary to state law. And he is not implementing policy under the Arianna case when he acts contrary to state law. Did Oriyama involve elected officials? No, but it involved the superintendent of the Chicago Police Department, and I think that he's also at the top of his... No, he's accountable to the mayor, right? Yeah, he is. That's easy to distinguish. But in any event, the court... Focuses on violations of constitutional rights by directly elected officials, accountable only to the voters. That's what we have here. Yeah. Okay. Thank you. So one is allowed to break the law if one is elected, but one's not allowed to break the law if you're not elected. Neither one of them, Your Honor, is allowed to break the law, obviously, but the issue of whether when they're doing so they're making policy on behalf of the municipality is what we're concerned with, right? As alleged, the law is broken. In every 1983 claim, and by definition, every Monell claim, there's going to be a violation of the Constitution alleged. But we have to look at the law itself. We have to look at state law to decide what authority that official has. And, for example, in Bradley, the village mayor and the village board had the authority to fire the chief of police. The state statute said that. They happened to do so allegedly in violation of 14th Amendment right to procedural due process, and that right was afforded under both state law, under the municipal code, and, of course, under the 14th Amendment. So naturally when they commit a constitutional tort by denying procedural due process to the chief, by definition, they're violating both state law and constitutional law. But there's going to be a violation of the 14th Amendment, like there is alleged in this case, in every 1983 claim. And like there was in Bradley, like there was in any deprivation of property case. We have to look at state law, though, to decide whether, A, the decision maker is a final policymaker with respect to the decision he made. And Highland certainly had final – former foreigner Highland certainly had final authority to decide what to do with Louise Betts' remains. But that's not the same as having final policymaking authority to decide what coroners do with bodies after their duties are complete. He doesn't have that authority, and it's not pled. So the requisite allegation that the former coroner had final policymaking authority with respect to the action that he took is lacking, and Plaintiff's Monell claim is not stated for that reason. And the district court didn't seize on the distinction between a final policymaker and whether that final policymaker is implementing or frustrating policy. But, of course, this court, under de novo review, is not bound by the rationale used by the district court. The district court just says, well, we'll assume he's a policymaker, but I think what Judge Johnston meant is, as Judge Hamilton said, he's the top of his elected office. Not whether he had the authority to make the policy decision that he made. Not whether he was a final policymaker with respect to the action he took. He's not. And the second reason, the one that the district court – And is that because he acted contrary to state policy? Exactly. So what the decision-maker is the – General Assembly. General Assembly, yeah. He could not have made final policy for his office, for Boone County Coroner's Office, with respect to what we do with a body when we're done with it as coroners. That was already decided hundreds of years ago in the Coroner's Act. He's not making policy for his office, and Boone County is not attributable to Boone County when he's trying to make policy that's contrary to state law. So who overrules him if he violates state law? Well, his – no one overrules him, Your Honor, but his acts are his own, and he's responsible for his own torts. And that's why the state law claims are proceeding before the Boone County Circuit Court after Judge Johnston relinquished supplemental jurisdiction. A claim against his estate? No, the state's no longer a defendant. No, a claim against the coroner's estate. No. That one is also against the Boone County coroner with an indemnification claim against Boone County. But of course – What's the theory of liability? Well, it's a different analysis, right, because respondeat superior liability is not precluded in a state tort like it is with a Monell claim. So there's a state tort claim, and you're trying to get it indemnified? They have an indemnification count. Yeah, not you, the plaintiff. Right, right. Yeah. Because, of course, they're suing the coroner, the present coroner wasn't even alive when any of this happened. But in any event, that state law claim is where their remedy lies, not in federal court because Monell liability hasn't been pled. And that was the second way that the district court dealt with it under the Ariana case. You're not making final policy for the municipality when you're acting in frustration of policy as opposed to implementing policy. It's a different analysis than whether you're a policymaker, I would suggest, but it's similar. He can't act contrary to state law. If he is acting contrary to state law, he's not implementing policy for the Boone County coroner's office. How does that reasoning apply to my sheriff murdering a suspect hypothetical? Well, again, Your Honor, I see it as the act, not the constitutional violation. There's always going to be a constitutional violation with respect to any constitutional tort under 1983. And what we look at there is whether he was doing something that state law authorized him to do when he allegedly violated the Constitution. And state law. As it turns out, yeah, and state law. And the coroner is empowered by state law to handle the remains of the deceased. He is. And to return to the family. He's not empowered to keep a part of the deceased. But he is empowered to do that overall job, right? For sure. Okay, thank you. So the distinction would be he would be allowed to, he'd have a final authority as to how many scalpels to order. He'd have final authority as to how much embalming fluid to order. He wouldn't have final authority to keep a body part. That's correct. State law specifically requires him to release the body to the next of kin as soon as possible after his coroner duties are complete. He's not making policy when he acts contrary to that state law, and he's also frustrating and therefore not implementing policy for his own Boone County Coroner's Office. He's committing a tort under state law that he's liable for himself. His acts are not attributable to the Boone County Coroner's Office or to Boone County. Thank you, Mr. Drenkwein. Thank you. Mr. Cohen, we'll go back to you now for rebuttal. Two minutes, please. Thank you, Your Honor. Excuse me if I speak pretty rapidly. I have a number of points to cover. First, in footnote 3 of the appellant's reply brief, we apologized to the court and all of our opponents that it was a misstatement in our complaint that state law requires return of the complete remains. That's not in the state statute, and we again apologize for that misstatement of the law. The state statute is clear that as soon as may be consistent with the performance of his duties under this division, the coroner shall release the body of the decedent to the decedent's next of kin. It doesn't say how. It just says consistent with the performance of his duties. The other point, the student state court, which has been held in abeyance pending resolution of this appeal, is not against the estate of the coroner. It's solely against the current Boone County coroner in her official capacity and the county. There's no suit against the estate of the coroner. There are many cases by this court and other courts where the official, the final policymaker, has violated law, particularly First Amendment cases where the official fires an individual for exercise of their First Amendment rights, whether it's complaining of whistleblowing or some other complaint, and the courts have held that there is municipal liability despite the fact that the laws or the Constitution has been violated. There is municipal liability. There is a phrase in Monell that says that liability is only when it's in furtherance of implementation, not thwarting implementation. That law that you have in mind, Mr. Cohen, well, we can track it down, but is that law you have in mind with other circuits in the country or do you think there's something specific from the Supreme Court or what comes to mind when you say that? It is, well, as the court said, there's Pembauer where there's clear violation of Fourth Amendment. There's Bradley from this court. There's Valentino from this court. There's numerous decisions by this court which have held even though there's a violation of First Amendment rights. Yeah, I understand. Thank you, Mr. Cohen. Thank you, Your Honor. Thank you, Mr. Drinkwine. The case will be taken under advisement.